**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WYLMINA ELIZABETH HETTINGA, | No. 20-55331 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00430-PA-JPR |
| v. | |
| EDDIE GARCIA, Police Chief of the San Jose Police Department, official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Wylmina Elizabeth Hettinga appeals pro se from the district court's

judgment dismissing her 42 U.S.C. § 1983 action alleging constitutional violations

arising from her divorce and custody proceedings.  We have jurisdiction under 28

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001) (dismissal for improper venue under Fed. R. Civ. P. 12(b)(1)); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Hettinga's claim against defendant Theresa Loumena because Hettinga failed to allege facts sufficient to show that Loumena was a state actor. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *George v. Pac.–CSC Work Furlough*, 91 F.3d 1227, 1229-32 (9th Cir. 1996) (plaintiff alleging infringement of constitutional rights by private parties must show that the infringement constitutes state action; explaining approaches for determining state action).

The district court properly dismissed the remaining defendants because Hettinga failed to establish that any defendant resides in the Central District of California or that a substantial part of the events or omissions giving rise to her claims occurred there. *See* 28 U.S.C. § 1391(b)(1), (2) (describing where a civil action may be brought).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**